**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERT WESSEL,<br><br>                 Petitioner,<br><br>          v.<br><br>CHARLES WARREN, et al.,<br><br>               Respondents. | Civil Action No. 12-7853 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge:**

Petitioner Albert Wessel ("Petitioner"), confined at New Jersey State Prison in Trenton, New Jersey, files the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging a sentence imposed by the State of New Jersey for murder and armed robbery. For reasons stated below, the Court denies the Petition as time-barred.

## I.    FACTUAL BACKGROUND

The Court recites only those facts relevant to this Opinion. On July 13, 2005, Petitioner was convicted and sentenced by the State of New Jersey for knowing and purposeful murder, felony murder, armed robbery, burglary theft, possession of a weapon for an unlawful purpose, and possession of a weapon not manifestly appropriate for its use, after a jury trial. (ECF No. 1 at 2-3). An appeal was filed challenging the conviction and sentence, and both were affirmed on June 20, 2007. (*Id.* at 3). Certification was denied by the New Jersey Supreme Court on September 26, 2007. *State v. Wessel*, 192 N.J. 482 (2007).

Thereafter, according to Respondents, Petitioner filed for post-conviction relief ("PCR") on May 16, 2008. (ECF No. 11 at 15). His PCR request was denied on November 3, 2008, and

affirmed on May 21, 2010. *State v. Wessel*, No. A-1807-08T4, 2010 WL 2010856, at *1 (N.J. Super. Ct. App. Div. May 21, 2010). Certification was denied by the New Jersey Supreme Court on October 21, 2010. *State v. Wessel*, 204 N.J. 41 (2010). While his first PCR application was still before the New Jersey Supreme Court, Petitioner filed a second PCR application on July 28, 2010. *State v. Wessel*, No. A-1397-10T4, 2011 WL 5105458, at *1 (N.J. Super. Ct. App. Div. Oct. 28, 2011). On September 15, 2010, the trial court denied the second PCR application, and the denial was affirmed on October 28, 2011. *Id.* Certification was denied by the New Jersey Supreme Court on October 25, 2012. *State v. Wessel*, 212 N.J. 432 (2012). Petitioner then filed the instant Petition dated December 14, 2012. (ECF No. 1 at 15).

## II.    DISCUSSION

### A. Statutory Tolling

Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on this statutory language, the Supreme Court held that when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (citing *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*,

187 F.3d 333, 337 n.1 (3d Cir. 1999)) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitation is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Overall, "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its "clock has run.""" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *See id.* at 85.

Here, Respondents argue that the Petition is time-barred by AEDPA's statute of limitations. The Court agrees. For the purposes of AEDPA's statute of limitations, Petitioner's conviction and sentence became final 90 days after the New Jersey Supreme Court denied certification on his direct appeal on September 26, 2007, *i.e.*, December 25, 2007. Petitioner then filed his first PCR application, and ultimately relief was denied when the New Jersey Supreme Court declined certification on October 21, 2010. The instant Petition, on the other hand, was dated December 14, 2012. Had Petitioner's pursuit of state court remedies ended with his first PCR application, the instant Petition would be statutorily time-barred, because it was filed over two years after the denial of certification; statutory tolling would have ended at the conclusion of PCR review.

Nevertheless, as noted, while Petitioner's first PCR application was still pending before the New Jersey Supreme Court, Petitioner filed a second PCR application on July 28, 2010. On

September 15, 2010, the trial court denied the second PCR application on the ground that the application failed to satisfy any of the prerequisites under New Jersey Court Rules, R. 3:22-4(b)(2) for second or subsequent petitions for PCR. *See Wessel*, 2011 WL 5105458, at *1. The denial of the second PCR application was affirmed on the same ground on October 28, 2011. *Id.* at *2. The Appellate Division stated, "[w]e only note that defendant's brief relies primarily upon arguments we have already rejected on his direct appeal and his appeal from the denial of his first petition and that defendant has failed to address the limitations upon second or subsequent petitions for post-conviction relief." *Id.* Certification was denied by the New Jersey Supreme Court on October 25, 2012. *Wessel*, 212 N.J. 432.

As stated above, if statutory tolling applied only during the pendency of Petitioner's first PCR application, then the instant Petition is clearly untimely. The operative issue here, then, is whether Petitioner is entitled to statutory tolling during the pendency of Petitioner's second PCR application. Under § 2244, a state PCR application is "properly filed," for the purpose of deciding whether AEDPA statutory tolling applies, only "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In *Artuz*, the Supreme Court was confronted with the issue of whether a state PCR application that contained only procedurally defaulted claims was nevertheless "properly filed" for the purposes of AEDPA statutory tolling. *See id.* The Court found that "[a]n application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." *Id.* "[Filing requirements] usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* However, the Court also

recognized that other filing requirements or preconditions may be imposed upon abusive filers or all filers generally. *See id.* at 8-9.

The *Artuz* Court rejected the argument that an application containing only procedurally defaulted claims is not "properly filed" under AEDPA. The Court based its reasoning primarily on the distinction between an application and a claim. *See id.* at 9-10. Since procedural default is claim-based, the court held that it cannot be a condition of filing for an *application*. *Id.* at 9. To hold otherwise would "require judges to engage in verbal gymnastics when an application contains some claims that are procedurally barred and some that are not." *Id.* at 10. A mixed application would require "a court [] to say that the application is 'properly filed' *as to* the nonbarred claims, and not 'properly filed' *as to* the rest," but the statute "refers only to 'properly filed' applications and does not contain the peculiar suggestion that a single application can be both 'properly filed' and not 'properly filed.'" *Id.*

Later, with *Artuz* in mind, the Supreme Court held in *Pace v. DiGuglielmo*, that a time limit on filing a state PCR application is a filing requirement, and rejection of a PCR application for failure to satisfy that precondition renders the PCR application not "properly filed," thus ineligible for statutory tolling under AEDPA during the pendency of that application. *See* 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions."). The Court expressly referred to the statement in *Artuz* that time limits are conditions of filing. *See id.* at 413. The discrete issue presented to the *Pace* Court was whether a time limit that permitted certain exceptions qualified as a filing requirement under AEDPA, because judicial scrutiny was needed to decide whether those exceptions applied. *See id.* The Court found that "[i]n common understanding, a petition filed after a time limit, and which does not fit within any exceptions to

that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." *Id.*

The petitioner in *Pace* had argued that the need for judicial scrutiny to consider the exceptions required the PCR court to accept the application before it could review the application for timeliness, but the *Pace* Court rejected that argument. "We fail to see how timeliness is any less a 'filing' requirement than the mechanical rules that are enforceable by clerks, if such rules exist." *Id.* at 414-15. The *Pace* Court further noted that few, if any, filing requirements are truly mechanical, and clerks often have very limited authority to refuse petitions; a categorical rule classifying filing requirements based strictly on their mechanics might produce the absurd result of having no requirement being qualified as a "filing" requirement. *See id.* at 415 n.5. "On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay." *Id.* at 413.

The *Pace* Court also addressed the petitioner's argument that because § 2244(d)(2) refers to a "properly filed application," the time-limit in question, with exceptions based on the nature of *claims* raised in the application, cannot be a condition of filing. *See id.* at 415. The court rejected that argument, stating that even § 2244(d)(2) itself referred to a "properly filed application . . . *with respect to the pertinent judgment or claim.*" *Id.* at 416 (quoting 28 U.S.C. § 2244(d)(2)) (emphasis in original). That is, an *application* can be rejected under the rule in question even if the reviewing court had to analyze the *claims* raised in the application. *See id.*

In the instant matter, the Court finds that the successive petitions bar under R. 3:22-4(b) is, like a time limit, a filing condition. While neither the Third Circuit nor courts in this district have

6

previously ruled on this issue, at least one circuit has held that a successive petitions bar, like the one here in New Jersey, is a condition of filing, and therefore any petition rejected on that basis is not "properly filed" for the purposes of AEDPA. In *Williams v. Birkett*, 670 F.3d 729 (6th Cir. 2012), the Sixth Circuit directly addressed this issue with regard to Michigan law, which has a successive motions bar similar to New Jersey.[1] *See id.* at 732-33; *accord Thompson v. Southers*, No. 12-123, 2012 WL 5269261, at *3 n.7 (E.D. Pa. Oct. 25, 2012) (relying on *Williams* for support and explaining "[b]ecause Williams's second post-conviction motion was denied under [state procedural law], and thus was not 'properly filed' under § 2244(d)(2), his successive motion did not toll AEDPA's one-year time limitation" and "[t]herefore, Williams's *habeas* petition was untimely, unless equitably tolled"). The petitioner in *Williams*, like Petitioner here, had filed a

---

[1]     Michigan law does not allow a second or subsequent motion for post-conviction relief unless there exists "a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion." Mich. Ct. R. 6.502(G)(2). This is substantially identical to New Jersey's successive petitions bar, which states that:

> A second or subsequent petition for post-conviction relief shall be dismissed unless
> . . .

>     (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

>     (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

>     (C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

N.J. Ct. R. 3:22-4(b).

second PCR application in state court while his first PCR application was still pending. *See Williams*, 670 F.3d at 732. The Michigan state court dismissed the second PCR application, based on the fact that the application had not satisfied any of the limited circumstances under which a second or subsequent PCR application would be allowed. *See id.* at 731.

The Sixth Circuit held that a PCR application rejected by a successive petitions bar is not "properly filed" within the meaning of AEDPA. *See id.* at 733. It reasoned that although the *Williams* case did not involve a time limit, Michigan's successive petitions bar, which addresses *applications*, is more like the time limit in *Pace*, than the *claim-based* procedural default addressed in *Artuz*. *See id.* "Michigan law, instead of imposing a time limit on successive motions, flatly forbids them, unless they fall within two narrow exceptions." *Id.* The Sixth Circuit cited to *Pace* for the proposition that "a petition that cannot even be initiated or considered . . . is not 'properly filed'" when a requirement "go[es] to the very initiation of a petition and a court's ability to consider that petition." *Id.* (citing 544 U.S. at 417). Because the Sixth Circuit found that "Michigan's rule against successive motions prevents a second petition from even being considered by the court," it held that a PCR application rejected under Michigan's successive petitions bar, like the time limit in *Pace*, is not "properly filed." *Id.*

New Jersey's successive petitions bar, like that of Michigan, similarly prohibits state courts from considering an impermissible second or successive application. *See* N.J. Ct. R. 3:22-4(b). "A second or subsequent petition for post-conviction relief *shall be dismissed* unless [certain enumerated circumstances, *supra*, are satisfied]." *Id.* (emphasis added). As with the time limit in *Pace*, the fact that some judicial scrutiny is required to enforce the rule does not change its inherent nature as a condition of filing. "[I]f 'conditions of filing' were limited to those situations solely handled by the clerk . . . few if any rules would constitute 'filing' conditions." *Williams*, 670 F.3d

at 734 (citing *Pace*, 544 U.S. at 415 n.5). Furthermore, also like the time limit in *Pace*, the New Jersey successive petitions bar directs New Jersey courts to dismiss *applications* if the preconditions are not met. As *Pace* instructs, it does not matter that the inquiry involved requires the court to review the application by looking to the claims asserted. "The fact that a state judge must examine a successive motion in Michigan to determine whether one of the exceptions in M.C.R. 6.502(G)(2) applies is no different than the federal rule relied upon in *Pace* where a federal judge must see whether any of the requirements for filing a successive motion are met." *Id.* 734-35. This Court finds the *Williams* court's reasoning persuasive and, as such, the Court holds that the New Jersey successive petitions bar is a condition of filing, and that a state PCR application denied under that bar is not "properly filed" within the meaning of AEDPA.[2] *Accord Thompson*, 2012 WL 5269261, at *3 n.7 (relying on *Williams* for support and explaining "[b]ecause Williams's second post-conviction motion was denied under [state procedural law], and thus was not 'properly filed' under § 2244(d)(2), his successive motion did not toll AEDPA's one-year time limitation" and "[t]herefore, Williams's *habeas* petition was untimely, unless equitably tolled").

---

[2]     The Court recognizes that a later Sixth Circuit opinion, *Thomas v. Meko*, 828 F.3d 435, 438-39 (6th Cir. 2016), seemed to have limited the application of *Williams*. However, *Thomas* is clearly distinguishable from the instant matter because (1) the state court addressed the claims in the second PCR application on the merits; (2) the state court construed the petitioner's filing as two separate motions—one as a successive PCR application and the other as a motion for reconsideration—and addressed both of them on the merits, so even if the petitioner was not entitled to statutory tolling for the PCR application, tolling would still apply to the motion for reconsideration; and (3) the petitioner himself conceded that his second PCR application was not "properly filed." *See id.* at 439-40. Here, the state court rejected Petitioner's second PCR application expressly on the successive petition ground and did not reach the merits, leaving no ambiguity on the successive petition question, unlike *Thomas*. Indeed, a subsequent Sixth Circuit decision reaffirmed *Williams*. *See Tolbert v. Woods*, No. 17-1247, 2017 WL 3973947, at *2 (6th Cir. July 18, 2017), *petition for cert. filed*, No. 17-6469 (Oct. 24, 2017).

Here, the state court found that Petitioner raised no new claims in his second PCR application that had not already been raised either on direct appeal or in his first PCR application. If this Court is to hold that Petitioner's second PCR application is entitled to statutory tolling, future petitioners can simply toll the AEDPA statute of limitations period indefinitely, through repeat filings of state PCR applications that raise no new claims, even though they certainly would be denied by the state court under the successive petitions bar. As the Supreme Court instructed in *Pace*, such a ruling would "turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay." *Pace*, 544 U.S. at 413. Accordingly, the Court finds that the Petition is statutorily time-barred.

### B. Equitable Tolling

Even though the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Gibbs*, 2009 WL 1307449, at *3; *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum[;] or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (citations omitted).

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." . . . The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable

diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling.

*Ross*, 712 F.3d at 799-800 (citations omitted).

Here, Petitioner argues that he is entitled to equitable tolling because he has diligently pursued his claims, but was "transferred to New Hampshire State Prison for approx. one year," and that he had "no independent access to a law library, legal references, case law, or photo-copying." (ECF No. 1 at 14). Petitioner further alleges that "[t]his system has substantially hindered my ability to research, discover, and execute legal claims in the state courts in a timely manner," and that he has "done everything [he] possibly could to . . . exhaust said claims at the state level." *Id.* The Court does not question Petitioner's sincerity in his arguments; indeed, the record supports Petitioner's contention that he has diligently pursued his state court claims. However, as the Court found above, Petitioner's untimely filing here in federal court was not due to any negligence or carelessness on his part, but simply because he made a legal mistake in choosing to pursue a procedurally-barred second PCR application in state court instead of filing a federal habeas petition. A petitioner's mistake in law is not a valid ground for equitable tolling. *See Lewis v. Phelps*, 672 F. Supp. 2d 669, 674 (D. Del. 2009); *Ayers v. Phelps*, 723 F. Supp. 2d 718, 722 (D. Del. 2010) ("[A] petitioner's lack of legal knowledge or miscalculation regarding the one-year filing period does not constitute an extraordinary circumstance triggering equitable tolling."); *Covert v. Tennis*, No. 06-421, 2008 WL 4861449, at *5 (M.D. Pa. Nov. 7, 2008) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.").

Moreover, even though Petitioner may have sincerely believed that he was diligently pursuing his state court claims, he nevertheless raised no new claims in his second PCR application. As stated earlier, the Court cannot allow petitioners to file and refile identical PCR

11

applications in state court to toll their federal habeas time limits. Accordingly, the Court finds that equitable tolling is not warranted, and the Petition is time-barred.

### C. Certificate of Appealability

Finally, the Court denies a certificate of appealability. AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Although as stated above, neither this Court nor the Third Circuit has addressed the issue of whether a state successive petitions bar should be considered a condition of filing for the purposes of AEDPA, the Court's research has not revealed any contrary opinion that contradicts the reasoning of the Sixth Circuit. As such, the Court finds that jurists of reason would not find it debatable that dismissal of the Petition is correct.

### III. CONCLUSION

For the reasons set forth above, the Petition is DENIED as time-barred.

_____

**Claire C. Cecchi, U.S.D.J.**

Dated: October 27, 2017